**CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED**

07/30/2026

**LAURA A. AUSTIN, CLERK**
BY: **/s/ Amy Fansler**
**DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:21-cr-00007-2 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CATHERINE ELIZABETH REC | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Catherine Elizabeth Rec's motion for early termination of supervised release.  (Dkt. No. 737.)  The United States does not object to the request.  (Dkt. No. 739.)  The court finds that a hearing is not necessary to resolve this issue and will grant Rec's motion.[1]

Under 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the defendant's conduct and the interest of justice.  As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[2]  18 U.S.C. § 3553(a).

A district court's decision whether to grant early termination of supervised release is reviewed under "the narrow abuse of discretion standard."  *United States v. Pregent*, 190 F.3d

---

[1]  A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to the defendant and the government received notice and did not file an objection.  Fed. R. Crim. P. 32.1(c)(2).

[2]  Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release.  18 U.S.C. § 3583(e).  These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

279, 282 (4th Cir. 1999). *See also Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (noting that discretion to deny exists even where the conditions for termination are met). The 2025 amendments to the sentencing guidelines direct the court to conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination. U.S.S.G. § 5D1.4.

Rec pled guilty to charges of conspiracy to distribute and possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine.  On June 12, 2023, the court sentenced Rec to time served, followed by five years of supervised release.  As a special condition, she was required to be on home detention for a period of 12 months.  She has been serving her supervised release term since sentencing.

Rec has served over three of her five years of supervised release.  The motion provides that Rec has complied with all terms of her supervised release, made strides in her personal life, and faces no opposition from the U.S. Probation Office.  Based on the information provided and the non-opposition by the United States, and after considering the appropriate § 3553(a) factors, the court agrees that early termination is appropriate.

At sentencing, the court varied significantly downward from the applicable guideline range of 87 to 108 months' imprisonment, and varied downward even further from the government's recommendation of 10 to 12 months' imprisonment.  In making that determination, the court noted Rec's substantial cooperation with the government, the disparity in attributed drug weight between Rec and her similarly situated co-defendants, and her lack of criminal history.  It further took into account the financial pressures Rec faced in caring for her disabled son, her maintenance of steady employment, and her completion of a treatment program prior to sentencing.

The court relies on many of those same considerations in terminating Rec's supervised release. She has remained sober over the past three years, successfully completing group therapy while caring for her son. At age 51, she plans to receive further education to pursue a career in addiction recovery. She appears to have successfully transitioned back into the community and has complied fully with all terms of her supervised release. Lastly, the court finds that there is no longer a need to protect the public or to deter Rec from committing further crimes through the ongoing imposition of release conditions.

<u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby ORDERED that Rec's motion for early termination of supervised release (Dkt. No. 737) is GRANTED and her supervised release term is hereby TERMINATED.

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record and to the United States Probation Office.

Entered: July 30, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge